*404 MEMORANDUM. BT THE COURT. /
Plaintiff tiles a lengthy motion for a new trial, predicated upon alleged errors in the findings of fact. While such motions in this court are ordinarily treated as motions to amend findings or for additional findings of fact, they may under the rules be properly denominated motions for a new trial. To the extent, however, that they are addressed to the findings or when addressed only to the findings they are regarded as motions having for their purpose' the correction of errors in, or making proper additions to the findings of fact, and not as necessarily reopening the case unless the changes in, or additions to, the findings so require.
It is to be said at this point that the motion filed raises no question as to the correctness of the conclusion of the court. In other words there is no error of law assigned.
That the situation presented as to the findings may be correctly understood, it is deemed advisable that some expression with reference thereto be given.
The first point of objection to the findings refers to the last paragraph of Finding I and is upon the ground that the court erroneously found that “ from August 24, 1917, to February 11, 1919, the period involved herein, the business of the plaintiff was in the hands of John S. Shepherd, jr., as temporary receiver,” etc. There- is an apparent error in this language by reason of the. omission of one word from the print, but it is a wholly immaterial matter. The period involved clearly appears from all the findings as well as. the period of the receivership, and when before the words “ the period involved herein,” the word “ of ” is inserted, the error, typographical in its nature, is corrected. The court will direct the insertion of the word “ of ” in the findings as originally made and filed.
For its second point the plaintiff alleges error in Finding VI in that after setting out the letter of date January 1, 1918, from the officer in charge of the division of docks, wharves, and terminals, to plaintiff’s receiver, there was *405 failure to also set out a letter dated January 16, from the receiver to said officer, together with bis reply thereto.
It is noted first that the matter referred to does not appear in Finding VI. It does appear in Finding V, and we will treat it as if the reference to the finding were correctly stated.
It would be sufficient reason if there were none other for rejecting this paragraph of plaintiff’s motion upon the ground that the matter now sought to be incorporated in the findings and made the basis of error by reason of its omission was not requested by the plaintiff in its original request for findings of fact.
This is material since it has its foundation in a rule of the Supreme Court with reference to practice in this court. Hule IV of the Supreme Court inquires the making and filing of findings of fact in this court and is followed by •Rule V with reference to the duties of parties, providing that—
“ In every such case, each party, at such time before trial, and in such form as the court may prescribe, shall submit to it a request to find all the facts which the party considers proven and deems material to the due presentation of the case in the findings of fact.”
But, aside from that question, the letter sought to be incorporated, and the officer’s reply thereto, are wholly immaterial. The communication set out was the formal notice given to the plaintiff that the United States had taken over the Bush terminal. The letter sought to be incorporated refers simply to some prospective arrangements as between the receiver and the officer which had been discussed by them and which had reference to some commitments made for the use of the dock during the month of January. The final paragraph of Finding V, stating the situation in general terms, incorporates everything with reference thereto' which is in anywise material.
For its third ground of objection the plaintiff alleges error in that it is stated in Finding V that “ a board of appraisers was appointed by the Secretary of War to determine proper compensation to be paid the terminal company for the use of the properties, and also to determine the value of the *406 properties in the event the United States should conclude to acquire title. Said board of appraisers made an award as follows: ”, and the error is alleged to be in the fact that the board of appraisers was appointed not only to determine the proper compensation to be paid to the Bush Terminal Company but also the proper compensation to be paid to the tenants. Again the plaintiff is in error in its averment in this respect since the statement quoted to which objection is made is not found in Finding V. Exit it is in Finding VI, and again we treat it as if the finding reference were correctly given.
In support of the allegation of error in this respect reference is made to certain exhibits in the record, but if the facts were material as to the authority of the boat'd the references are of doubtful character as to their probative value. Upon the whole question as to the duties assigned to this board the record is unsatisfactory, and it is particularly noticeable that it does not disclose at all the official order constituting this board and the duties assigned to it. Plaintiff’s first reference is to a communication by the board itself under date of April 26, 1918, to the general superintendent of the Army Transport Service at New York, in which it is stated that “ the board has been ordered to settle all damage to tenants,” etc., but by whom or by what authority is not shown. The second reference in support of plaintiff’s contention is to an opinion of the Judge Advocate General. This opinion, it may be said, is not competent as proving any fact; there is no material fact stated there, in so far as the plaintiff is concerned, and besides it is a public document, to which reference may be made if desired without incorporation in the findings. The next reference is to a communication from Colonel Dalton of the Quartermaster Corps to plaintiff’s receiver, dated May 1, in which notice is given that claims for damage must be presented without delay to the board of appraisers, etc. The next reference is to an acknowledgment by the board of appraisers of the receipt from the plaintiff’s receiver of a claim by reason of the taking over of Pier 8, and the final reference is to a memorandum made by the plaintiff’s receiver himself with refer *407 ence to a conference he had had with a member of the board of appraisers.
These references do indicate that by some one at some time this board of appraisers had been directed to consider the claims of tenants, or that the board of appraisers had construed such claims to be within its jurisdiction, and the court was not unmindful of these features of the record when the findings of fact were made. It acted deliberately in omitting such matter from the findings, and in that respect its former action still seems to have been entirely correct.
The situation is peculiar and perhaps deserves some attention. It is first to be said that none of this matter now sought to be incorporated in the findings was asked for by the plaintiff in its original requests.
Assuming that the references of plaintiff to parts of the record cited in support of its motion are to be taken as in support of its allegation that the court was in error in stating that this board of appraisers was appointed to determine the compensation to be paid to the Bush Terminal and not also stating that it was to determine the compensation to be paid to the tenants of the Bush Terminal Co., it is to be noted that the plaintiff concedes, in its brief in this court-, the correctness of the court’s statement, so far as it goes, with reference to the appointment of this board of appraisers, for in its brief it says “ there appears in the record a copy of an ‘ award to Bush Terminal ’ and its acceptance by the Bush Terminal. This was made by a board of appraisers ordered by the War Department to make an offer of compensation to the Bush Terminal which if accepted would avoid litigation between the Bush Terminal and the Government. It was offered to supplement the testimony on the subject of what the Government had paid to the Bush Terminal.” There is nothing in the findings as made indicating that the incorporation of this award to the Bush Terminal made by this board of appraisers was not for the purpose stated by the plaintiff itself. There was an apparent reason why the findings should show the action taken by the United States with reference to the adjustment with the Bush Terminal for the occupancy of all of these properties, and the findings show *408 as a quite material matter in that respect that adjustment was made with the Bush Terminal and payment made in accordance with the award made by this board of appraisers.
But does it follow that it was incumbent on the court to go into the question of the authority of this board of appraisers to consider the claims of tenants? The authority, if any, only inferentially appears, but there are more forcible reasons for questioning whether the action, if any such action Avas taken by this board of appraisers with reference to the claims of tenants, need enter into these findings. And in that connection it is also to be said that there was an omission from the findings of certain facts shown by the record with reference to the claim of this plaintiff and which very peculiarly plaintiff does not now seek to have incorporated in the findings. It did not originally and it does not now ask to have the findings sIioav that its receiver did in fact file a claim with, this board of appraisers and that this claim was disallowed. Tire fact in this respect is that upon argument of this case the plaintiff sought to and so far as it could did repudiate the claim filed by the receiver with this board. Its counsel then stated to the court that the receiver did not properly understand the situation when he filed that claim and that plaintiff should not be bound thereby.
But there is a broader and a better reason why any such procedure as is now referred to Avas not for incorporation in the findings, and it is quite apparent that the plaintiff’s position now taken Avith reference thereto is inconsistent with the theory upon which it prosecuted its action in this court and to which the court gave its approval.
The question was raised upon the original presentation of this case as to whether this court had jurisdiction, and that question as presented depended upon the question as to whether the taking was under section 10 of the Lever Act or under the act of August 29, 1916. The plaintiff’s theory presented in its petition and thereafter was that there was a requisitioning, under the last-named act and that the jurisdiction of this court was under section 145 of the Judicial Code. We had no doubt as to the correctness of this theory.
It ought not to be necessary to call attention again to the different procedure necessarily following action of the *409 Government under these two statutory provisions. The act of August 29, 1916 simply authorized the President to requisition transportation facilities, and, making no provision with reference to the fixing of compensation therefor, the remedy was necessarily upon an implied contract to make just compensation with jurisdiction in this court predicated upon section 145. Under section 10 of the Lever Act there were specific provisions as to the method of determining compensation. It provided that the President should fix the compensation, and that, if not satisfactory to the person entitled to receive the same, he should be paid 75 per cent thereof with his right of action following. If the plaintiff now regards it as material to endow this board of appraisers with authority to fix compensation of tenants as the duly authorized representative of the President and the action taken by that board in that respect, if it did in fact fix compensation to be paid tenants, is material as tending to determine the nature of the taking, and whether under section 10 of the Lever Act or the act of August 29, 1916, plaintiff’s position would then tend to support the theory that the taking was in fact under the Lever Act and as stated in the original opinion in this matter, it is, of course, beyond question that if the procedure were under that act this court is without jurisdiction.
But we are inclined to think rather that the plaintiff is now, through some misapprehension, making some contentions which are not to be treated as affecting the merits of the case in any degree whatever, and that there is no good reason assigned why the court was in error in any respect, except as to the quite immaterial matter first mentioned, correction of which is ordered, as above stated.
If the proceeding herein was under section 10 of the Lever Act, the plaintiff must fail in this court because of lack of jurisdiction. We have already adjudged that its action should be dismissed because, though upon another ground, we are without jurisdiction.
The plaintiff’s motion is overruled.